Wang v. Lynch

BIA
Nelson, IJ
A200 752 645

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand fifteen.

PRESENT:
>    DEBRA ANN LIVINGSTON,
>    SUSAN L. CARNEY,
>    CHRISTOPHER F. DRONEY,
>        *Circuit Judges.*

_____

LANYING WANG,
>    *Petitioner,*

>    v.                                        14-971
>                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:                    Matthew J. Harris,
                                   Brooklyn, New York.

1

**FOR RESPONDENT:** Joyce R. Branda, Acting Assistant Attorney General; Derek C. Julius, Senior Litigation Counsel; Karen L. Melnik, Trial Attorney; Tyler C. King, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lanying Wang, a native and citizen of the People's Republic of China, seeks review of a March 26, 2014 decision of the BIA, affirming the June 14, 2012 decision of an Immigration Judge ("IJ"), denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lanying Wang*, No. A200 752 645 (B.I.A. Mar. 26, 2014), *aff'g* No. A200 752 645 (Immig. Ct. N.Y.C. June 14, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

2

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For asylum applications like Wang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam). Here, the agency's adverse credibility determination is supported by substantial evidence.

The IJ reasonably found Wang's testimony inconsistent and implausible. Wang testified to intense surveillance

from family planning officials that consisted of daily visits to monitor her body shape and eating habits. Wang's asylum application included no reference to that monitoring. The IJ properly relied on this omission in making her adverse credibility determination, since the kind of constant pressure Wang testified to was at the heart of her claim of persecution based on Chinese family planning policies. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (per curiam); *see also Xiu Xia Lin*, 534 F.3d at 166 n.3 (explaining that inconsistency and omission are "functionally equivalent" for credibility purposes).

Furthermore, the IJ reasonably found implausible Wang's testimony that family planning officials did not require her to undergo any gynecological exams to make sure the IUD remained in place. An IJ is entitled to consider whether an asylum applicant's testimony is inherently implausible. *Gas v. U.S.Atty.Gen.*, 400 F.3d 963, 964 (2d Cir. 2008)(per curiam). Our review of an IJ's credibility finding is highly deferential. *Id*. (internal quotation marks

4

omitted).  However, the IJ's findings must be "tethered to record evidence."  *Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (per curiam).

Here, the IJ's finding is based on Wang's testimony that family planning officials had access to medical facilities to perform abortions.  If family planning officials have access to medical facilities, then it makes little sense to eschew those facilities in favor of daily monitoring.  Moreover, the IJ reasonably found implausible Wang's testimony that officials checked on her body shape multiple times a day.  Wang submitted no country conditions evidence to show how often Chinese officials typically monitored violators of the family planning policy, and "the reasons for [the IJ's] incredulity are evident."  *Id.*  It makes little sense that officials would devote such manpower and resources to one individual, when more efficient methods of monitoring were available, such as periodic gynecological testing.

Finally, the IJ reasonably gave little weight to the letters from Wang's neighbors.  The letters are

5

substantially similar to one another and contain several sentences that appear unaltered in each letter. "[S]triking similarities between affidavits are an indication that the statements are 'canned.'" *Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) (citation omitted). Submission of a canned affidavit is itself a sufficient basis for an adverse credibility determination. *Id.* at 526 ("[W]illingness to submit a false document is in itself sufficient evidence of incredibility."). Moreover, these letters were all submitted by Wang in support of her claim, thus increasing any suspicion their similarity arouses. *Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006) (per curiam). The IJ was not required to credit Wang's explanation, as her statement that she asked for letters, but did not tell her neighbors what to write, did not clarify why the letters are so similar. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). Accordingly, the IJ reasonably found Wang's supporting documents insufficient to rehabilitate her

incredible testimony.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7